

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-61,215-09

### EX PARTE ROHN M. WEATHERLY, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. C-371-W011665-1380491-C IN THE 371ST DISTRICT COURT FROM TARRANT COUNTY

*Per curiam*.

## O R D E R

Applicant entered an open plea of guilty to unlawful restraint, and was sentenced to fifteen years' imprisonment. The Second Court of Appeals affirmed his conviction. *Weatherly v. State*, No. 02-16-00026-CR (Tex. App. — Fort Worth Dec. 8, 2016) (not designated for publication). After Applicant's conviction was final, the trial court entered a judgment *nunc pro tunc*, amending the judgment to show that Applicant was required to register as a sex offender as a result of this conviction. Applicant filed an application for writ of habeas corpus, pursuant to which this Court granted relief in the form of deleting trial court's order for judgment *nunc pro tunc*. *Ex parte Weatherly*, No. WR-61,215-07 (Tex. Crim App. Sept. 11, 2019) (not designated for publication).

The State moved for a new judgment *nunc pro tunc*, which was opposed by Applicant. The

trial court entered another judgment *nunc pro tunc* on October 18, 2019. Applicant filed an appeal from the new judgment *nunc pro tunc*, which is pending in the Second Court of Appeals in cause number 02-19-00394-CR. On January 10, 2020, Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The State in its response to this application recommends that the application be dismissed for want of jurisdiction because Applicant's appeal from the new judgment *nunc pro tunc* is pending. However, the appeal from the judgment *nunc pro tunc* is separate from the underlying conviction, which is final for purposes of Article 11.07 habeas review. This Court does not lack jurisdiction to consider Applicant's habeas application. However, as the State points out, the validity of the judgment *nunc pro tunc* does affect some (but not all) of the claims raised in this application for writ of habeas corpus. Therefore, this Court will abstain from deciding Applicant's habeas claims until Applicant has exhausted his appellate remedies with regard to the judgment *nunc pro tunc*. This application is dismissed without prejudice.

Filed: February 26, 2020
Do not publish